KTF/BW/DIB
F. #2024R00288

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

ERIC EARNEST, et al.

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION & PROTECTIVE ORDER
GOVERNING DISCOVERY

25-CR-323 (LDH)

       IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and

ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

       1.     All material and information disclosed or produced pursuant to Rule 16 of

the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady

v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), to the

defendants (the "Defendants"), and the legal defense teams ("Legal Defense Teams"), including

defense counsel, by the government in the above-captioned case (hereinafter, the "Discovery

Materials") shall be governed by this protective order (the "Protective Order").

       a.   Any reference to "Defendants" or "Defendant" herein refers individually

           to each defendant identified in the case 25-CR-323 (LDH).

       b.   The "Legal Defense Teams" includes Defense Counsel ("Defense

           Counsel" is defined as counsel of record in this case, including any post-

           conviction or appellate counsel) and any non-lawyer staff employed or

contracted by Defense Counsel, including investigators, paralegals, support staff, interpreters and expert witnesses who are retained by defense counsel in connection with this case.

2.       Discovery Materials, however designated, and any and all copies, notes, transcripts, or documents derived from the Discovery Materials, may be used by the Defendants and the Legal Defense Teams only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights involving the charges in the above-captioned case.

3.       **Rules for the Handling of Discovery Materials:** Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendants and/or the Legal Defense Teams, including the information contained therein, and any copies, notes, transcripts, or documents derived from the Discovery Materials, shall not be disclosed to any persons other than Defendants, the Legal Defense Teams, or the person (potential witness or witness) to whom the Discovery Material directly pertains or his/her counsel, and any persons to whom the Court authorize disclosures at the request of the government or defense counsel;

a.   None of the Discovery Materials, nor any copies, notes, transcripts, or documents derived from the Discovery Materials, shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

b. Any person who receives Discovery Materials in connection with this case is prohibited from posting any of those documents or information publicly or to any social media platforms, including, but not limited to Instagram, Snap Chat, YouTube, and Facebook.

c. Prior to sharing Discovery Materials (not designated Sensitive Discovery Materials or Attorneys' Eyes Only) with the Defendants, the Legal Defense Teams must advise the Defendants on the conditions of this Protective Order and his/her obligations pursuant to said Protective Order and remind the Defendants of the consequences of violating the Order. Under the conditions of this Protective Order, the Defendants are prohibited from possessing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure or any telephone numbers, email addresses, driver's license numbers, and similar unique identifying information. By signing Attachment A, the Defendants agree to be bound by this Protective Order.

d. If the Defendants obtain substitute counsel, neither the Defendants or the Legal Defense Teams will transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or information derived from the Discovery Materials, unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs Attachment B to this Protective Order, and provides a signed copy of Attachment B to the government. Once substitute counsel has provided a signed copy of Attachment B to the government, and following Defense Counsel's

withdrawal from the above-captioned case, substitute counsel shall assume Defense Counsel's responsibilities under the Protective Order.

4.  **Sensitive Discovery Materials**: Any documents, records, or other material specifically identified by the government may be designated as "Sensitive Discovery Material" upon a good-faith belief by the government (or Defense Counsel as it pertains to reciprocal discovery) that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order. In addition to the protections afforded all Discovery Materials in this case and specifically described in paragraphs 3(a) to 3(d), additional protections for Sensitive Discovery Material include:

a.  The Defendants may review Discovery Materials specifically identified by the government as Sensitive Discovery Material only in the presence of the Legal Defense Teams. The Defendants are prohibited from having possession, custody, or control of the Sensitive Discovery Materials, and any and all copies, notes, transcripts, or documents derived from the Sensitive Discovery Material. Under no circumstances may Sensitive Discovery Materials or any and all copies, notes, transcripts, or documents derived from the Sensitive Discovery Material be possessed by the Defendants within a prison facility without the physical presence of a member of the Legal Defense Teams.

     b.   Defense Counsel agrees that prior to showing Sensitive Discovery

Material to the Defendants, a member of the Legal Defense Team will

read the Defendants the relevant parts of this Order and remind

Defendants of the consequences of violating the Order.

5.     **Attorneys' Eyes Only Materials:** Any documents, material, or

information may be designated Attorneys' Eyes Only Material only upon a good-faith belief by

the government (or Defense Counsel as it pertains to reciprocal discovery) that designation as

Sensitive Discovery Material provides insufficient protection to such materials.

6.     **Limitations on Sharing and Dissemination of Attorneys' Eyes Only**

**Material:**  In addition to the protections afforded all discovery materials in this case and

specifically described in paragraphs 3(a) to 3(d), the additional protections for materials

specifically identified by the government as Attorneys' Eyes Only Material include:

     a.   Attorneys' Eyes Only Material may be reviewed only by the Legal

Defense Teams, as defined in paragraphs 1 and 2 above, respectively.

Attorneys' Eyes Only Material may not be disseminated to or reviewed by

any other person, including the Defendants.

     b.   Attorneys' Eyes Only Material may be shared with the Defendants under

the constraints applicable to Sensitive Discovery Materials two weeks

before trial and only in person, unless the government shows good cause

why it should not be shared or why sharing should be delayed.

7.     **Designation of Sensitive Discovery Material or Attorney's Eyes Only**

**Material:**  Any documents, material, or  information determined to be  Sensitive  Discovery

Material or Attorneys' Eyes Only Material may be so designated by stamping the legend

"SENSITIVE" or "SENSITIVE-ATTORNEYS' EYES ONLY" on the document, including all pages and attachments. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive Discovery Material or Attorneys' Eyes Only material.

8.      **Disputes Regarding Sensitive Discovery Material and Attorneys' Eyes Only Material:** The parties shall make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention. The United States may agree to remove or reduce a sensitivity designation without further order of this Court. Whenever the redaction of specified information will resolve the basis for which a sensitivity designation was applied, the government will agree to redaction, and such redaction will render the materials no longer subject to heightened protection under this Order. Any agreement to reduce or remove a sensitivity designation or to redact specific information shall be memorialized in writing. If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material or Attorneys' Eyes Only Material, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as either Sensitive Discovery Material or Attorneys' Eyes Only Material. To the extent the parties do not agree, either party—upon providing notice of the intent to make such an application—may apply to the Court to determine whether the material should be treated as Sensitive Discovery Material or Attorneys' Eyes Only Material. Defense Counsel shall treat the material originally designated as Sensitive Discovery Material or

Attorneys' Eyes Only Material with the protections afforded those designations pending any determination by the Court.

9.    **Court Filings and Court Hearings:** Absent prior agreement by the parties or permission from the Court, no party shall disclose materials designated as Sensitive Discovery Material or Attorney's Eyes Only Material in any public filing with the Court. Such materials shall be submitted under seal in accordance with Eastern District of New York Local Rule 49(f)(6). The Clerk of Court shall accept for filing under seal any filings made in compliance with that Rule and so marked by the parties pursuant to this Order. The restrictions in this Order shall not limit either party in the use of the materials in judicial proceedings in this case. The procedures for use of designated Sensitive and Attorneys' Eyes Only Materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose materials designated Sensitive Discovery Materials or Attorneys' Eyes Only Materials in open court without agreement by the parties that such materials may be disclosed in open court or prior authorization by the Court.

10.    The Defendants and Defense Counsel will return to the government the Sensitive Discovery Material and the Attorneys' Eyes Only Material and all copies thereof, whether in the possession of Defense Counsel, the Legal Defense Teams, or any other signatory to Attachment B to this Protective Order, when the Defendants conclude all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights involving the charges in the above-captioned case.

11.     Nothing in this Protective Order shall preclude the government or the Defendants from seeking a further order pursuant to Rule 16(d).

12.     Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

13.     In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

14.     Counsel for each of the Defendants shall execute their respective attached signature page for this Order.

15.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:     Brooklyn, New York
           December 11, 2025

                              JOSEPH NOCELLA, JR.
                              United States Attorney
                              Eastern District of New York


                         By: *Benjamin Weintraub*
                              Kaitlin T. Farrell
                              Benjamin Weintraub
                              David I. Berman
                              Assistant U.S. Attorneys
                              (718) 254-7000

SO ORDERED

    s/**LDH**        12/23/2025
HON. LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

<u>Attorney for Eric Earnest</u>

_____
Peter E. Brill, Esq.

Attorney for Marves Fairley

Eric W. Siegle, Esq.

Attorney for Shanne Hennen

Todd Leventhal, Esq.

Attorney for Damon Jones

Kenneth Montgomery, Esq.

Attorney for Deniro Laster

Evan Corcoran, Esq.

Attorney for Terry Rozier

_____
Jim Trusty, Esq.

# **ATTACHMENT A**

## **Defendant's Acceptance**

I have read this Protective Order and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Protective Order and all matters relating to it. I fully understand this Protective Order and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Protective Order fully.


12/10/2025
_____
Date

_Eric Earnest_
ID VfGGrdip93rGvCdEAB622WT7
_____
Defendant Signature


Eric Earnest
_____
Defendant Printed Name

## ATTACHMENT A

### Defendant's Acceptance

I have read this Protective Order and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Protective Order and all matters relating to it. I fully understand this Protective Order and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Protective Order fully.

12.8.25
_____
Date

X _____
Defendant Signature

MARVES FAIRLEY
_____
Defendant Printed Name

# ATTACHMENT A

## Defendant's Acceptance

I have read this Protective Order and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Protective Order and all matters relating to it. I fully understand this Protective Order and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Protective Order fully.

12/10/25
_____
Date

_____
Defendant Signature

Shane Hennen
_____
Defendant Printed Name

## ATTACHMENT A

### Defendant's Acceptance

I have read this Protective Order and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Protective Order and all matters relating to it. I fully understand this Protective Order and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Protective Order fully.

12/1/25
_____
Date

_____
Defendant Signature

DAMON JONES
_____
Defendant Printed Name

## ATTACHMENT A

### Defendant's Acceptance

I have read this Protective Order and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Protective Order and all matters relating to it. I fully understand this Protective Order and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Protective Order fully.

12 - 08 - 2025
_____
Date

_____
Defendant Signature

De'Niro Laster
_____
Defendant Printed Name

## ATTACHMENT A

### Defendant's Acceptance

I have read this Protective Order and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Protective Order and all matters relating to it. I fully understand this Protective Order and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Protective Order fully.

12/9/25
_____
Date

_____
Defendant Signature

Terry Rozier
_____
Defendant Printed Name

**<u>ATTACHMENT B</u>**

I have read the attached Protective Order in the matter of <u>United States v. Earnest, et al.</u>, No. 25-CR-323 (LDH), and, by my signature below, agree to be bound by its terms.

| Printed Name | Signature |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |