# CORCORAN

August 10, 2026

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*via email and ECF*

      Re:    *United States v. Eric Earnest, et al.*, Criminal No. 25-323 (LDH)

Dear Judge DeArcy Hall:

I write on behalf of Defendant De'Niro Laster in response to the government's August 4, 2026, letter-motion (Doc. 131) and respectfully request that the Court:

(1) order the government to provide focused discovery that bears on the credibility of the information it has asked the Court to credit, especially given that material information was omitted from the government's letter-motion;

(2) set a briefing schedule that would create a constitutionally sound and accurate record, to include a hearing where counsel can examine the individuals that the government has asked the Court to credit in full by way of proffer, so that the Court can have a full understanding of the significant material information bearing on credibility involved; and

(3) retain rather than refer the matter to a magistrate judge and unseal the sealed version of the government letter-motion.

The grounds for this request are set forth below:

**Background**

The government contends that no condition of release short of jail would protect the integrity of the proceedings and asks the Court to detain Mr. Laster. This unusual request should be rejected.

The underlying charges against Mr. Laster allege that for $100,000 or less he engaged in conduct that resulted in online betting companies losing some bets on a single NBA game.

Mr. Laster has no criminal history. He is an educated man with a post-graduate degree.

There are no allegations of violence or threats of violence in the underlying charges.

There are no allegations of violence or threats of violence in the government proffer seeking detention.

# CORCORAN

Any person acquainted with the heartland of federal criminal cases would find the government's request for detention highly unusual.

**Focused Discovery Is Needed To Compile A Constitutionally Sound Record**

The government has asked the Court to jail Mr. Laster based upon its proffer. In addition, the government has asked the Court to accept its proffer in full.

Yet the government omitted from its letter-motion material information that bears on the credibility of the information it provided to the Court.

The government has acknowledged that information set forth in its letter-motion comes from individuals who lied to law enforcement agents *in the course of this investigation*.

The government did not provide that information to the Court.

The limited information that we currently have about the source of the information in the government's proffer demonstrates that there are many additional material facts bearing on credibility that the Court should consider before rendering a decision that could affect Mr. Laster's liberty.

Counsel needs additional information from the government and time to analyze it so that the Court can decide the letter-motion based upon a constitutionally sound and accurate record. We asked for, but have not received, focused discovery that would allow the development of an accurate record. *See* Attachment A.

Accordingly, we respectfully request that the Court order the government to produce the documents and information identified in Attachment A.

**An Orderly Briefing Schedule Is Appropriate – An Anonymized Public Post Of
A Tiny Rat Cartoon In The Public Comment Section Of The Social Media Account
Belonging To An Organization In A Foreign Country That Is Not Involved In This Case
Presents No Threat To The Integrity Of The U.S. Justice System**

There is no exigency here. The government has known most of the information in its letter-motion for many months (nearly two years for one item) and only filed its letter-motion after the public post of a rat emoji in July 2026.

To preview an argument that we will brief on a complete record, the U.S. Constitution does not allow a person to be jailed for posting a rat emoji in the public comment section of an organization's social media account – especially when that organization is far removed from and not involved in his pending criminal case. Developing this argument will take time. For instance, much of the information on the social media site is in a foreign language. In addition, we understand that the stream of commentary has been altered since the rate emoji post. But the post should be understood in context.

2

# CORCORAN

To create a constitutionally adequate record, we respectfully request that the Court set the following briefing schedule.

- Government to provide discovery requested in Attachment A on or before August 31, 2026;

- Defendant Laster to file response to government letter-motion on or before September 15, 2026;

- Government to file reply on or before September 29, 2026; and

- Evidentiary hearing at the Court's convenience.

We further respectfully request that the Court consider this motion, opposition, and reply on this issue rather than referring the matter to a magistrate judge. The Court has already invested significant time in the case. An understanding of the allegations and the various people involved will be in the interest of judicial efficiency.

Finally, we respectfully request the unsealing of the unredacted version of the government's letter-motion. This is a case where the identities of potential witnesses will be public in short order. The charges against Mr. Laster pertain to a single NBA game. Any contention by the government that there is a need for secrecy because of "ongoing investigations" should be scrutinized. In short, the government has made no showing that would outweigh the presumption in favor of public access.

Thank you for considering these requests.

With best regards,

CORCORAN LAW GROUP PLLC

M. Evan Corcoran
Corcoran Law Group PLLC
1050 30th Street NW
Washington, DC 20007
evan@corcoranlg.com

3